IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 7:07-cr-00084-007 |
| | ) | |
| | ) | |
| VERNICE CORTEZ ROBINSON, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

In 2008, defendant Vernice Cortez Robinson was sentenced to 168 months imprisonment and five years of supervised release after pleading guilty to a single count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base. Robinson is currently scheduled to be released from the federal Bureau of Prisons on September 26, 2020.

Pursuant to section 404(b) of the First Step Act, Robinson moves for a reduction of his sentence to 121 months or time served. (Dkt. No. 435.) The government does not contest that Robinson is eligible for consideration of a reduction in sentence and suggests a reduction to time served and four years of supervised release. (Dkt. No. 437.) For the reasons stated below, Robinson's motion will be granted.

In 2010, Congress enacted the Fair Sentencing Act, which aimed to reduce the sentencing disparity between sentences involving powder cocaine and those involving cocaine base. *See* Fair Sentencing Act of 2010, Pub. L. 111-220, §§ 2–3, 124 Stat. 2372 (Aug. 3, 2010). Originally, these amendments did not apply retroactively to defendants sentenced before the Fair Sentencing Act's effective date, August 3, 2010. *See Dorsey v. United States*, 567 U.S. 260, 264

(2012).  By passing the First Step Act, Congress gave these provisions retroactive effect.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  *See* § 404(b).  In doing so, it aimed to "allow prisoners sentenced before the Fair Sentencing Act ... to petition the court for an individualized review of their case," and to bring such pre-2010 sentences "in line" with post-2010 sentences. Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S.3649)—as Introduced (Nov. 15, 2018) (emphasis omitted).  *See United States v. Chambers*, 956 F.3d 667, 670 (4th Cir. 2020).

The Fourth Circuit has held that First Step Act motions fall under 18 U.S.C. § 3582(c)(1)(B), which authorizes courts to "modify an imposed term of imprisonment to the extent otherwise permitted by statute."  *See Chambers*, 956 F.3d at 671; *United States v. Wirsing*, 943 F.3d 175, 184–85 (4th Cir. 2019).  Thus, applying § 3582(c)(1)(B), the court "look[s] to the underlying statute"—here, § 404(b) of the First Step Act—"to determine what it expressly provides."  *Chambers*, 956 F.3d at 671.

Under § 404(b) of the First Step Act, sentencing courts may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  First Step Act § 404(b).  The government agrees that Robinson is eligible for a reduction because he was sentenced under 21 U.S.C. § 841(b)(1)(A) for a cocaine base offense that was committed prior to the enactment of the Fair Sentencing Act of 2010.  Robinson's adjusted guideline sentence range would be 188 to 235 months, and a comparable variance from that range would produce a recommended sentence of 121 months.  Robinson has entirely served that sentence.  Further, the statutory range for his offense is reduced to 5 to 40 years and 4 years supervised release.  § 841(b)(1)(B).

Considering the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), the court agrees with Robinson and the government that a reduction of Robinson's sentence to time served is appropriate. The court will also impose a four-year term of supervised release but notes that if Robinson adjusts well to his release, after one year is completed, he may petition the court for early termination of his supervision in accordance with 18 U.S.C. § 3583(e)(1). *See United States v. Johnson*, 529 U.S. 53, 59–60 (2000) (noting that "Congress intended supervised release to assist individuals in their transition to community life").

The government requests that the judgment be stayed fourteen days to allow the Bureau of Prisons time to process Robinson's release, and requests that the defendant be ordered to be quarantined for fourteen days in his facility before his release. Given his already-scheduled release date of September 26, 2020, and the fact that no information was provided by the government about the status of COVID-19 at the facility, the court will not stay the judgment for fourteen days or order a period of quarantine. Rather, release shall occur as soon as possible and no later than 24 hours after entry of the order, and self-quarantine will be recommended.

For these reasons, the court will grant Robinson's motion under the First Step Act. (Dkt. No. 435.) The court will issue an appropriate order.

Entered: August 20, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

3